IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANDRE D. MITCHELL and     §
YOLANDA S. MITCHELL,     §
    §
    Plaintiffs,     §
    §
V.     §     No. 3:23-cv-2534-X-BN
    §
PRESTIGE DEFAULT SERVICES     §
LLC and US BANK TRUST     §
ASSOCIATION AS TRUSTEE OF     §
CABANA V TRUST,     §
    §
    Defendants.     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr. *See* Dkt. No. 2.

Defendants Prestige Default Services LLC and US Bank Trust Association as Trustee of Cabana V Trust have filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 19.

Plaintiffs Andre D. Mitchell and Yolanda S. Mitchell have filed a response, *see* Dkt. No. 22, and Defendants have filed a reply, *see* Dkt. No. 23.

For the following reasons, the Court should grant the motion to dismiss.

**Background**

On February 26, 2023, "Plaintiffs entered a contract with Defendants" to

purchase residential property located at 8837 Bonnie View Road in Dallas, Texas. *See* Dkt. No. 1 at 19 ¶13. The contract consisted of a promissory note and deed of trust. *See id.*

Plaintiffs made loan payments until they lost their jobs during the Covid-19 pandemic when they defaulted. *See id.* at ¶ 15. They made payments from August 2022 to January 2023 under a trial modification. *See id.* at ¶16. Andre Mitchell had a medical hardship in February and March 2023, which affected Plaintiffs' ability to make their loan payments for those months. *See id.* at ¶ 17. Defendants refused to continue the trial loan modification or to modify the loan. *See id.* at 19-20 ¶¶ 18-19.

Defendants sought to foreclose. They accelerated the maturity date of the amount due under the note on October 6, 2023. *See id.* at 20 ¶21. And they noticed a foreclosure sale of the property for November 7, 2023. *See id.* at ¶¶20, 24.

On November 3, 2023, Plaintiffs filed a lawsuit in state court to stop the scheduled foreclosure. *See id.* at 17-30. They asserted claims for breach of contract and wrongful foreclosure and sought a temporary restraining order ("TRO"). They allege that their contract with Defendants grants them the right to modify the terms of the note and that Defendants are in breach of the contract by refusing modification and proceeding to foreclose on the property. *See id.* at 20 ¶22.

On November 6, 2023, the state court entered a TRO restraining and enjoining Defendants from foreclosing on the property. *See id.* at 32-34.

Defendants removed the case to this court on November 15, 2023. *See* Dkt. No. 1. They now move to dismiss Plaintiffs' claims. *See* Dkt. No. 19.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or

formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule

12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although, "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (cleaned up).

## Analysis

I.    <u>Plaintiffs' wrongful foreclosure claim should be dismissed with prejudice.</u>

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener,* 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur.3d *Deeds of Trusts and Mortgages* 177 (1998)). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA,* No. 3:11–cv–972–M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex.1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and

the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2009, no pet.). Implicit in this standard is a requirement that a foreclosure sale actually take place. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure.") (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007-08 (S.D. Tex. 2011)).

Plaintiffs filed their petition in state court before the foreclosure sale was scheduled to occur and alleged that the "planned foreclosure fails to comply with the contractual terms of the note and deed of trust," the "planned foreclosure fails to comply with both state and federal statutory requirements," and "there is a defect in the intended sale foreclosure proceedings and this defect is going to lead to a grossly inadequate selling price of Plaintiffs property." Dkt. No. 1 at 21 ¶¶31-33.

Plaintiffs do not allege any facts concerning how the planned foreclosure failed to comply with the contractual terms or statutory requirements or identify the alleged defect that would lead to an alleged grossly inadequate sales price. Plaintiffs' general statements are insufficient. Without supporting facts, Plaintiffs cannot allege a plausible claim.

The state court entered a temporary restraining order prohibiting Defendants from foreclosing on the property before Defendants removed the case to this court. *See id.* at 32-34. And, so, there was no foreclosure sale.

And, because there was no foreclosure sale, Plaintiffs cannot state a claim for wrongful foreclosure.

II.    <u>Plaintiffs' breach of contract claim should be dismissed with prejudice.</u>

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (cleaned up).

The parties agree that the note and deed of trust were valid contracts.

And Plaintiffs admit that they are in default under the loan agreement, and they do not allege that their loan payments are current. A party who is in default under the terms of a contract cannot maintain an action for breach of the contract. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990).

And Plaintiffs do not allege sufficient facts to show that Defendants had a duty or legal obligation to grant another loan modification. They do not allege that they submitted a completed loss mitigations package to Defendants, that Defendants did not appropriately review any loan modification application, or that they met the qualifications for obtaining another loan modification. Nor do they identify the provisions in the note or deed of trust that have allegedly been breached.

Plaintiffs fail to allege a plausible breach of contract claim, and, because they are in breach themselves, cannot state a claim for breach of contract.

## Recommendation

The Court should grant Defendants Prestige Default Services LLC and US Bank Trust Association as Trustee of Cabana V Trust's Motion to Dismiss for

Failure to State a Claim [Dkt. No. 19] and dismiss Plaintiffs Andre D. Mitchell and Yolanda S. Mitchell's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE